In the Matter of the Application of REUBEN CANTOR, Petitioner, for an Alternative Mandamus Order against MORRIS S. TREMAINE, Comptroller of the State of New York, FRANKLIN B. HOLMES, Director of the New York State Employees' Retirement System, FRANK J. TAYLOR, Comptroller of the City of New York, PETER J. MCGOWAN, Secretary of the New York City Employees' Retirement System, Defendants.

Supreme Court, Special Term, Albany County, July 17, 1936.

*Joseph P. Walsh,* for the petitioner.

*Paul Windels, Corporation Counsel,* for the defendant Frank J. Taylor.

*John J. Bennett, Jr., Attorney-General,* for the defendants Morris S. Tremaine and Franklin B. Holmes.

BERGAN, J.  Prior to the 1st day of February, 1912, the petitioner was appointed as a court stenographer in the Supreme Court, Second Judicial District, county of Richmond, and occupied such position in temporary service until the 1st day of July, 1914, when he was appointed permanently.  He has continuously served therein until the present time.

On the 1st day of January, 1919, petitioner became a member of the New York State Employees' Retirement System, and, in accordance with the regulations of such system, there were deducted from his compensation sums of money which were applied for his retirement benefits.  This continued until March 2, 1932, and on that date the State Comptroller deducted thirty-one per cent of the amount that had been previously deducted and advised the petitioner that in the future the remaining proportion of the deductions from the petitioner's salary, upon a basis of sixty-nine per cent thereof, would be payable to the New York City Employees' Retirement System.  The petitioner thereafter tendered to the State Comptroller the balance of the payment due to the New York State Employees' Retirement System for the month of February, 1932, and on March 4, 1932, the Comptroller returned such tender and refused to accept the same or to apply the said sum to the credit of the petitioner as a member of the New York State Employees' Retirement System and stated to the petitioner " there seems to be no choice in the matter."

Relying upon this statement by the Comptroller, the petitioner thereafter applied for membership in the New York City Retire-

ment System to the extent of sixty-nine per cent of his annual salary. This application was made under protest and with the express statement that it did not constitute any waiver of the petitioner's rights under the New York State Retirement System. Since that time the State Comptroller has deducted and applied for the purposes of the New York State Retirement System contributions based upon approximately thirty-one per cent of the petitioner's compensation. Upon a basis of approximately sixty-nine per cent of his compensation, the State Comptroller has made deductions for the purposes of the New York City Employees' Retirement System. The theory of this distinction is that it has been calculated that approximately sixty-nine per cent of his salary for services as a stenographer of this court in the Second Judicial District is paid by the counties of Queens and Richmond, within the city of New York, while the remaining thirty-one per cent is paid by the counties of Nassau and Suffolk in the district, but outside the city of New York. The county of Kings is excluded.

The provisions of Greater New York Charter, section 1700, subdivision 3, define " city service " for the purposes of the New York City Employees' Retirement System as applying to any employee of any court " so far as such service is paid for * * * by any of the * * * counties or parts thereof which have been included within the boundaries of the city of New York." It applies to employees " of the city or State of New York."

A statute so broadly framed is probably inclusive of this petitioner, although no statute has been called to my attention which would authorize a dual status which here resulted in the participation of the petitioner in both retirement systems, except in so far as it may arise from implication under the charter. This dual status has brought about the petitioner's present difficulty. While he will, at the conclusion of the present year, be entitled to retirement under the New York State system as to thirty-one per cent of his salary, his right to retirement under the New York city system will not ripen for many years to come. He is, therefore, effectually deprived of the substantial benefits of retirement under circumstances which could not conceivably have been the intention of the Legislature in setting up the two retirement systems applicable to the same employee.

I am not entirely persuaded that, when the counties of Queens and Richmond, in pursuance to the provisions of Judiciary Law, section 316, subdivision 2, pay to the Comptroller of the State of New York the proportionate share of the expenses of stenographers in the Second Judicial District fixed and determined by the Comptroller in accordance with the amount of taxable real and personal

property, such service is " paid for " by such counties within the scope of Greater New York Charter, section 1700, subdivision 3, in such manner as to bring such State employees within the class of persons eligible to membership in the New York City Employees' Retirement System.

In a broad sense, all moneys that are paid by the several counties of the city of New York, as well as counties outside of such city, to the Comptroller for State purposes constitute a payment for the services rendered by any State employees. The payments by each county for the purposes of the Second Judicial District are an apportionment of the cost of a service which is in all respects a State service and not at all a city service. The service is paid for by the State Comptroller as a State service and the manner in which the several counties contribute to its payment is a means that the State has adopted for an equitable distribution of the cost of maintaining this court and its employees, and I do not regard it, strictly speaking, as a service which is " paid for " by the counties of Queens and Richmond.

The designation of particular counties is merely for convenience in assessing the cost of a portion of the State government. The " payment " is one which is made to the State by the taxpayers of the district, not by the counties as such.

It seems unnecessary, however, to pass directly upon this question for the purposes of this decision.

The petitioner was clearly entitled to continue his membership in the New York State Employees' Retirement System. He was, at the time he was advised by the State Comptroller that the deductions apportioned to his salary would no longer be paid into the New York State Retirement System, in service as an " employee of the State of New York " within the provisions of Civil Service Law, section 50, subdivision 8. The circumstances under which he became a member of the New York City Employees' Retirement System and his express reservation of his rights under the New York State Employees' Retirement System justify his being returned to membership in such State system, and, indeed, there seems to be no opposition on the part of the State to the resumption of such status.

It has been stipulated by the Attorney-General that he has no opposition to the motion of the petitioner for an amendment of the prayer for relief in the petition to a peremptory order of mandamus instead of an alternative order.

Motion of the petitioner, for peremptory order of mandamus directing his reinstatement by the Comptroller and the Director of the New York State Employees' Retirement System to full

membership in such system, accordingly is granted. The order may likewise provide a direction that the defendants Frank J. Taylor, as comptroller of the city of New York, and Peter J. McGowan, as secretary of the New York City Employees' Retirement System, pay over to the State Comptroller so much of the moneys which have been heretofore paid into the New York City Employees' Retirement System by such State Comptroller as will be sufficient to effect the full reinstatement of the petitioner into such New York State Employees' Retirement System. As to the remaining portion of such moneys in the hands of the city comptroller, the petitioner will be left to pursue such remedy as he may be advised.

No costs. Submit order.